UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GWENDOLYN HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 17-11212-JGD |
| SELECT PORTFOLIO SERVICING, INC. | ) |
| and CARRINGTON MORTGAGE | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF DECISION AND ORDER ON MOTION TO
WITHDRAW OFFER TO DISMISS AND RELATED MOTIONS**

March 14, 2018

DEIN, U.S.M.J.

### I. INTRODUCTION

This matter comes before the court in a rather unusual posture. The plaintiff, Gwendolyn Holland, is the owner of real property located in Marlborough, Massachusetts. On December 19, 2009, she granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Drew Mortgage Associates, Inc., and its successors and assigns, to secure payment of a promissory note. Her payments on the note are current, and no entity has instituted any foreclosure proceedings or otherwise challenged her note or mortgage. Nevertheless, Ms. Holland has brought an action challenging the status of the current mortgage holder.

Ms. Holland's mortgage has been assigned to various entities over the years. In particular, on July 27, 2010, MERS assigned the mortgage to MetLife Home Loans ("MetLife"), a

division of MetLife Bank, N.A. This assignment was recorded. Ms. Holland contends that she was notified on May 1, 2013 that MetLife had sold or otherwise transferred or assigned her mortgage to JPMorgan Chase Bank, N.A. ("JPMorgan" or "Chase"), and that the defendant Select Portfolio Servicing, Inc. ("SPS") had been named as the new servicer. The assignment to JPMorgan was never recorded. On or about August 11, 2015, the defendant Carrington Mortgage Services, LLC ("Carrington") informed Ms. Holland that it was the new servicer on the loan. On October 29, 2015, MetLife assigned Ms. Holland's mortgage to Carrington. This assignment was recorded. However, Ms. Holland challenges Carrington's right to collect mortgage payments, as servicer, and to own the mortgage. It is her contention that MetLife could not have assigned the mortgage to Carrington, since it had already assigned it to JPMorgan.[1]

Ms. Holland commenced this action on May 26, 2017 in Middlesex Superior Court, after which it was removed to this court. In her complaint, as amended, Ms. Holland purports to state a claim for fraud and violations of Mass. Gen. Laws ch. 93A. The defendants have moved to dismiss the complaint on various grounds, including, without limitation, that Ms. Holland has no standing to challenge the chain of title, which follows all recorded assignments, and that the complaint fails to satisfy the pleading requirements for a claim of fraud.

At oral argument on the motions to dismiss, plaintiff's counsel indicated that plaintiff was concerned that JPMorgan would someday make a claim for mortgage payments that she had been making to other entities. In an effort to resolve this matter expeditiously, the parties

---

[1] Since Ms. Holland's payments are current, she apparently made the payments to SPS, and then to Carrington, as directed.

agreed that if JPMorgan would provide proof that it has no interest in the mortgage, and that it has no claim to any payments, the plaintiff would dismiss her action. Although such an affidavit was obtained from JPMorgan, it did not resolve this case. Instead, Ms. Holland filed a "Motion to Strike Affidavit" (Docket No. 27) and a "Motion for Leave to Withdraw Offer for Dismissal." (Docket No. 30). The defendants opposed the plaintiff's motions. In addition, SPS filed a "Cross Motion to Enforce Agreement for Dismissal." (Docket No. 31). While these motions were pending, Ms. Holland filed a "Motion for Leave to File Requests for Admission [to defendant SPS] and to Stay the Proceeding Pending Decision on Motion" (Docket No. 32), and another similar motion directed to Carrington. (Docket No. 33). SPS and Carrington opposed the motions and have each filed a "Cross Motion to Stay Discovery." (Docket Nos. 35 & 36). All these matters are presently before the court.

For the reasons detailed herein, plaintiff's Motion to Strike Affidavit (Docket No. 27) is DENIED, plaintiff's Motion for Leave to Withdraw Offer for Dismissal (Docket No. 30) is ALLOWED, and SPS's Cross Motion to Enforce Agreement for Dismissal (Docket No. 31) is DENIED. However, this court will entertain a motion from SPS for sanctions under 28 U.S.C. § 1927 to compensate it for the efforts it expended to obtain the affidavit. Plaintiff's Motions for Leave to File Requests for Admissions and To Stay the Proceeding Pending Decision on Motion (Docket Nos. 32 & 33) are DENIED, and SPS's and Carrington's Cross Motions to Stay Discovery (Docket Nos. 35 & 36) are ALLOWED. The defendants' motions to dismiss shall be discussed in a separate opinion.

## II. **MOTION TO STRIKE AFFIDAVIT**

Following the hearing on the motions to dismiss discussed above, SPS obtained the affidavit of JPMorgan. Specifically, Nicole L. Smiley, Vice President at Chase, provided an affidavit (Docket No. 26-1 ("Smiley Aff.")), which was "based upon my review of Chase's servicing records relating to the loan and from my own personal knowledge of how they are kept and maintained." Smiley Aff. ¶ 1. Therein, Ms. Smiley attested that "Chase acquired rights" to Ms. Holland's mortgage loan "on or about April 8, 2013[.]" Id. ¶ 2. She further attested that "[i]n or near October 2015, JPMorgan sold or otherwise transferred or assigned all if its rights to the above-referenced mortgage loan to Carrington Mortgage Services, LLC." Id. ¶ 3. Ms. Smiley further confirmed that "Chase no longer possesses any interest in, or rights to, the above-referenced mortgage loan." Id. ¶ 4. Ms. Smiley's signature is dated and notarized on December 13, 2017.

In her motion to strike, Ms. Holland contends that the affidavit should be stricken because it was not based on the affiant's personal knowledge. This argument is not persuasive.

### **Standard of Review**

As an initial matter, the parties disagree as to whether the sufficiency of the affidavit should be considered under Fed. R. Civ. P. 12(f) or Fed. R. Civ. P. 56(c)(4). Carrington contends that the motion to strike should be governed by Rule 12(f), pursuant to which an affidavit may be stricken if it is redundant, immaterial, impertinent, or scandalous. In addition, this Rule may also be applied to strike affidavits in support of pleadings that include inadmissible hearsay or lack personal knowledge. See Holloman v. Clarke, 244 F. Supp. 3d 223, 227 (D. Mass. 2017). Ms. Holland contends that the affidavit in the instant case should be judged under Rule

56(c)(4), which requires that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Strictly speaking, neither Rule 12(f), which pertains specifically to motions to strike portions of pleadings, nor Rule 56(c)(4), which relates to motions for summary judgment, applies in the instant case to an affidavit which was provided outside of normal pleading or discovery procedures in an effort to address the fundamental concern that purportedly had motivated this litigation. In any event, there is no contention that the instant affidavit contains material that is redundant, immaterial, impertinent, or scandalous. Since both Rules require that affidavits be based on personal knowledge, this court will apply the more specific requirements as delineated in Rule 56(c)(4). As detailed herein, the affidavit submitted by JPMorgan is sufficient.

### Sufficiency of Affidavit

Affidavits used in the context of a mortgage disputes have been found to satisfy the personal knowledge requirement when the affiant avers (1) to be familiar with the documents and recordkeeping systems maintained through the bank or mortgage servicer in question, and (2) to have viewed the loan documents at issue. See Brown v. Bank of Am., Civil Action No. 13-13256-PBS, 2015 WL 5163045, at *3 (D. Mass. Sept. 3, 2015) (finding the personal knowledge requirement for an affidavit satisfied by an affiant who averred 1) she was "familiar with the types of records maintained by [the bank] in connection with mortgage loans serviced by [the bank]," 2) that she "reviewed [the bank]'s regularly kept business records pertaining to the [plaintiff's] Loan," and 3) that she "personally . . . confirmed the facts attested to" in her

[5]

affidavit); Cremaldi v. Wells Fargo Bank, C.A. No. 13-11767-MLW, 2017 WL 1190377, at *3 (D. Mass. Mar. 30, 2017) (finding a sufficient foundation for an assertion of personal knowledge when affiant stated that she was "familiar with the business records maintained by Wells Fargo for the purpose of servicing mortgage loans and [has] personal knowledge of the operations and the circumstances surrounding the preparation, maintenance and retrieval of records in Wells Fargo's recordkeeping systems."); see also HMC Assets, LLC. v. Conley, Civil Action No. 14-10321-MBB, 2016 WL 4443152, at *4 (D. Mass. Aug. 22, 2016) (holding that "an affiant is only required to have some familiarity and ability to explain the maintenance of the business records in question, especially when elements of trustworthiness are present."). The fact that the affiant is a Vice President of the Bank, "as opposed to a custodian or keeper of the records[,]" is irrelevant. Brown, 2015 WL 5163045, at *3 (citing Foregger v. Residential Credit Sols., Inc., Civil Action No. 12-11914-FDS, 2014 WL 1364788, at *4 (D. Mass. Apr. 4, 2014)).

Here, as detailed above, the affidavit from Nicole L. Smiley, a Vice President at JPMorgan, satisfies these requirements. It was based on her review of JPMorgan's records, and she attested to being personally familiar with how those records were kept and maintained. Smiley Aff. ¶ 1. "To the extent [Ms. Holland] wishes to challenge the accuracy of Ms. [Smiley]'s statements or the substance of the underlying records, [her] arguments go to the weight of Ms. [Smiley]'s testimony and not to its admissibility." Brown, 2015 WL 5163045, at *3.[2]

---

[2] In particular, but without limitation, Ms. Holland challenges the assertion that JPMorgan "sold or otherwise transferred or assigned" its rights, and puts the date of the transaction "[i]n or near October 2015." However, this court finds that these allegations are sufficiently specific for the purpose of the affidavit — to establish whether JPMorgan retained any interest in the mortgage and note.

In support of the motion to strike, Ms. Holland cites a handful of cases from other jurisdictions where the court allowed motions to strike affidavits. Those cases are all factually distinguishable from the present case and do not persuade this court to strike Ms. Smiley's affidavit. In <u>Cermetek, Inc. v. Butler Avpak, Inc.</u>, 573 F.2d 1370 (9th Cir. 1978), the court struck an affidavit for insufficiency because the affiant used the language "I understand[,]" which the court declared was tantamount to saying "I believe" and therefore was not based on personal knowledge. <u>Id.</u> at 1377. In the instant case, no such language was used in the affidavit; the affiant specifically stated "I make this affidavit based upon . . . own personal knowledge[.]" Smiley Aff. ¶ 1. In <u>Transo Envelope Co. v. Murray Envelope Co.</u>, 227 F. Supp. 240 (D.N.J. 1964), the court explained, "[a]n affidavit which simply recites that an affiant has been 'apprised' of certain information, without more, is entitled to no weight on this motion." <u>Id.</u> at 242. Here, there is no language or other indication that the affiant was "apprised" of any information; rather, the affiant conducted a personal review of the records. Finally, Ms. Holland cites to <u>Sam's Riverside, Inc. v. Intercon Sols., Inc.</u>, 790 F. Supp. 2d 965 (S.D. Iowa 2011), which involved a dispute over whether an affiant, averring that certain screenshots were true and accurate, actually visited the website at issue. <u>Sam's Riverside</u> is distinguishable from the instant case, since, as noted above, Ms. Smiley attested that she made the affidavit based on her own "review of Chase's servicing records relating to the loan" at issue. Smiley Aff. ¶ 1.

For all these reasons, plaintiff's Motion to Strike Affidavit (Docket No 27) is DENIED.

### III. **OFFER OF DISMISSAL**

During oral argument on the motions to dismiss held on October 12, 2017, the court questioned the purpose of the lawsuit, since the mortgage holders had not asserted any

contradictory claims of ownership or demands for payment and Ms. Holland's loan was current. Her counsel indicated that she was concerned that JPMorgan might someday assert that it was entitled to payment. Counsel indicated that Ms. Holland was seeking to have all her mortgage payments returned to her, so that she could then turn around and make them to the "right" party. The court suggested, and the parties agreed, that an assignment or affidavit from JPMorgan confirming that it no longer had any ownership interest in the note and mortgage, and would not assert any such claims against Ms. Holland, could resolve the case. On behalf of Ms. Holland, Attorney O'Brien agreed that such an affidavit would eliminate his client's claim.

### **Wasted Efforts to Obtain Affidavit**

SPS then proceeded to obtain the affidavit. Its efforts were detailed in status reports filed with the court on November 13, December 4 and December 22, 2017. (Docket Nos. 22, 24, 26). The affidavit was filed with the court in connection with the last status report on December 22, 2017. (Docket No. 26-1). As SPS explained in its status reports, the affidavit was being provided because "[a]t the October 12, 2017 hearing on the defendants' motions to dismiss, counsel for plaintiff indicated that he would have no claims and would dismiss the Complaint if Defendants obtained an assignment or affidavit from JPMorgan Chase Bank, NA . . . that indicated that it no longer possessed any interest in the mortgage at issue in that matter, which was transferred to defendant Carrington Mortgage Services, LLC." (See, e.g., Docket No. 22). As detailed above, Ms. Holland's response to the affidavit was to file a motion to strike the affidavit, which was opposed by the defendants on January 12 and 15, 2018. (Docket Nos. 28 & 29).

On January 23, 2018, Ms. Holland, through counsel, filed a Motion for Leave to Withdraw Offer for Dismissal. (Docket No. 30). Therein, Attorney O'Brien asserted that "[t]he offer was in fact made tongue-in-cheek – that if J.P. Morgan could produce proof that it had assigned the subject mortgage to Defendant Carrington – Defendant [sic] Counsel would pack his bags and leave town." (Docket No. 30 at 1). It was not apparent to the court or the defendants that the offer was made "tongue-in-cheek." Moreover, Attorney O'Brien never once indicated that SPS should stop its efforts to obtain the affidavit (as detailed in its status reports), or that SPS's understanding of the purpose of the affidavit was incorrect. By his actions, Attorney O'Brien required SPS to undertake unnecessary expense, wasted this court's time and the time of counsel and the defendant parties, and delayed rulings on the motions to dismiss.

## **Sanctions are Appropriate**

As detailed herein, this court will allow the plaintiff to withdraw her offer of settlement, primarily because it is not clear to this court that Mr. O'Brien had his client's assent to make the offer. However, SPS may file a motion, supported by an affidavit, seeking compensation for the attorneys' fees and costs it incurred in connection with obtaining the affidavit.

28 U.S.C. § 1927 provides as follows

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927." Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990). To be sanctionable, the conduct must "be more severe than mere negligence,

[9]

inadvertence, or incompetence" although "[t]he attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned." Id.  Sanctions are appropriate if the attorney's actions "evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 245-46 (1st Cir. 2010) (internal quotation omitted).  Where, as here, the actionable conduct took place before the court, and the court is fully aware of the relevant facts, no evidentiary hearing is required.  Id. at 246.

In the instant case, plaintiff's counsel engaged in an extensive colloquy with the court and defense counsel during the hearing on defendants' motions to dismiss regarding the purpose of this litigation, and the way to alleviate plaintiff's concerns about the status of JPMorgan.  Counsel had to leave court knowing that the defendants were going to undertake the task of getting an assignment or affidavit from JPMorgan, and that the court would delay ruling on the motions to dismiss as a result.  At no time did counsel undertake any efforts to stop the defendants from wasting their time in response to the belated characterization of the settlement offer as being "tongue-in-cheek."  Sanctions are clearly appropriate.

The amount of sanctions will be limited to the amount of unnecessary costs and attorneys' fees SPS was obligated to incur.  See id. at 247, and cases cited.  If SPS wishes, it may file a motion, supported by an affidavit, seeking such fees and costs.[3]  Mr. O'Brien will have the opportunity to oppose the request for sanctions before the court makes a final ruling.

---

[3] This court recognizes that SPS may elect not to do so and continue this litigation in light of this court's ruling allowing its motion to dismiss.  The choice is the defendant's.

[10]

**Enforceability of the Offer to Dismiss**

With regard to settlements, "[a]n enforceable agreement requires (1) terms sufficiently complete and definite, and (2) a present intent of the parties at the time of formation to be bound by those terms." Targus Group Int'l, Inc. v. Sherman, 76 Mass. App. Ct. 421, 428, 922 N.E.2d 841, 848 (2010). "An enforceable settlement agreement arises in Massachusetts when all of the parties to be bound mutually assent to all material terms, even if those terms are not memorialized in a final writing." Bistany v. PNC Bank, NA, 585 F. Supp. 2d 179, 182 (D. Mass. 2008) (citations omitted). Thus, "an oral settlement agreement 'is permissible.'" Eswarappa v. Shed Inc./Kid's Club, 685 F. Supp. 2d 229, 232 (D. Mass. 2010), and cases cited (citation omitted). In the instant case, the terms of the agreement were sufficiently complete and definite to be enforceable. The plaintiff would dismiss her case if it was established that JPMorgan lacked any ownership interest in the mortgage. While the plaintiff in her motion seeking leave to withdraw her offer (Docket No. 30) has raised other questions that she might like answered about the transactions at issue, the affidavit is very clear on the critical points – JPMorgan transferred any interest it had in the mortgage loan to Carrington and does not assert any ownership interest in the mortgage loan.

"Settlement agreements can be revisited when a party's attorney oversteps [his or] her delegated authority, a settlement agreement is unfair or subsequent events warrant re-opening the case." Amary v. JP Morgan Chase Bank, N.A., Civ. No. 12-10777-NMG, 2013 WL 6979525, at *2 (D. Mass. Jan. 13, 2013), and cases cited. Thus, "an attorney may only bind his client to a compromise where the client has authorized him to do so." In re Mal de Mer Fisheries, Inc., 884 F. Supp. 635, 639 (D. Mass. 1995). "The authority of an attorney to consummate

settlement agreements does not derive by virtue of his employment as counsel." Id. at 638. In the instant case, there is no evidence in the record that Ms. Holland herself assented to the terms of the settlement. Therefore, this court will allow plaintiff's motion to withdraw the settlement offer, and deny SPS's cross-motion to enforce the agreement. See McGee v. Cartoon Network, Inc., No. 10-1070, 383 F. App'x 12, 14, 2010 WL 2680830, *2-3 (1st Cir. July 8, 2010) (absent evidence that attorney had actual or apparent authority to enter into a binding settlement agreement, court cannot enforce settlement agreement made by attorney).

### IV. **MOTIONS TO STAY DISCOVERY**

On February 5, 2018, Ms. Holland filed two Motions for Leave to File Requests for Admission and to Stay the Proceeding Pending Decision on Motion. (Docket Nos. 32 & 33). By these motions, Ms. Holland has asked the court to delay ruling on the outstanding motions to dismiss the complaint, so that she can proffer requests to admit to the defendants. The proposed requests to the defendant SPS relate to a credit report SPS allegedly made about Ms. Holland in 2012, and SPS's acquisition of the mortgage and transfer of the mortgage to Carrington. (Docket No. 32). With respect to the defendant Carrington, the proposed requests relate to the circumstances surrounding Carrington's acquisition of the mortgage, and a letter Carrington allegedly sent to the plaintiff on February 9, 2017 "stating the mortgage loan modification between Select Portfolio Servicing, Inc. and the Plaintiff was not recordable according to HUD guidelines, and that the Plaintiff should contact Carrington to discuss re-signing." (Docket No. 33 at 3, ¶ 4). While plaintiff claims to need these "new facts" to support a potential amendment to her complaint, they all occurred prior to the filing of her initial complaint.

[12]

The plaintiff's motion is denied. There are presently pending before the court two motions to dismiss the complaint which challenge the sufficiency of the complaint as filed. The motions have been outstanding for many months, and the plaintiff has not put forth any reasons that warrant a further delay.

The defendants have requested that discovery be stayed pending resolution of the motions to dismiss. Since the court finds that to be the most efficient way to proceed, the motions to stay are allowed.

## V. ORDERS

For the reasons detailed herein, plaintiff's Motion to Strike Affidavit (Docket No. 27) is DENIED, plaintiff's Motion for Leave to Withdraw Offer for Dismissal (Docket No. 30) is ALLOWED, and SPS's Cross Motion to Enforce Agreement for Dismissal (Docket No. 31) is DENIED. However, the court will entertain a motion for sanctions against Attorney O'Brien to compensate SPS for the efforts it expended to obtain the affidavit. SPS shall file any such motion and supporting papers within two weeks of the date of this Order.

Plaintiff's Motions for Leave to File Requests for Admissions and To Stay the Proceeding Pending Decision on Motion (Docket Nos. 32 & 33) are DENIED, and the defendants' Cross Motions to Stay Discovery (Docket Nos. 35 & 36) are ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge