UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GWENDOLYN HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 17-11212-JGD |
| SELECT PORTFOLIO SERVICING, INC. | ) | |
| and CARRINGTON MORTGAGE | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANTS' MOTIONS TO DISMISS

March 14, 2018

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Gwendolyn Holland, has brought this action against Select Portfolio Servicing, Inc. ("SPS"), a servicer of her mortgage and attorney-in-fact for MetLife Home Loans, a division of MetLife Bank, N.A. ("MetLife"), and Carrington Mortgage Services, LLC ("Carrington"), the subsequent servicer and holder of her mortgage. The Complaint, as amended, purports to state a claim of fraud (Count I) and violation of Mass. Gen. Laws ch. 93A (Count II). It is the plaintiff's contention that the purported assignment of the servicing rights from SPS to Carrington, and transfer of the ownership of her mortgage loan from MetLife (by SPS as attorney-in-fact) to Carrington, were void, and that JPMorgan Chase Bank, N.A. ("JP Morgan") is the actual holder of her mortgage loan. Ms. Holland's mortgage payments are current, and she is seeking to have all payments returned to her so that they can be made to

the correct entity. No other entity has challenged SPS's and Carrington's involvement with Ms. Holland's mortgage loan, and JPMorgan has expressly denied still having any interest in the mortgage loan.[1]

This matter is before the court on the defendants' motions to dismiss brought pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6). For the reasons detailed herein, the Complaint fails to satisfy the pleading requirements for fraud, and otherwise fails to state a claim upon which relief can be granted. Therefore, SPS's motion (Docket No. 4) and Carrington's motion (Docket No. 15) are ALLOWED.

## II. STATEMENT OF FACTS

The facts are derived from Ms. Holland's Complaint ("Compl.") (Docket No. 5-1)[2] as well as "information found in the mortgage itself, public records, documents incorporated into the complaint by reference, and other matters susceptible to judicial notice." Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 4 (1st Cir. 2014) (citation omitted).[3]

---

[1] Although not part of the record on the motions to dismiss, and not necessary to the instant decision, this court found in its Memorandum of Decision and Order on plaintiff's Motion to Withdraw Offer to Dismiss that JPMorgan has disclaimed any interest in the note and mortgage, and has confirmed that any interest it had at any time has been transferred to Carrington. That Memorandum of Decision and Order contains additional facts relating to the procedural history of this case.

[2] Ms. Holland filed an Amendment to Complaint (Docket No. 5-6) which contains facts relating to her claim under Mass. Gen. Laws ch. 93A. This will be cited as "Am. Compl. ¶ ___." In addition to being attached to SPS's memorandum (Docket No. 5), copies of the Complaint and Amendment are also included in the state court record, which can be found at Docket No. 7.

[3] Copies of relevant documents are attached to the Memorandum of Law in Support of Select Portfolio Servicing, Inc.'s Motion to Dismiss (Docket No. 5) ("SPS Ex. ___") and Carrington's Memorandum of Law in Support of Motion to Dismiss (Docket No. 16) (Carr. Ex. ___").

### The Original Mortgage

On December 17, 2009, Ms. Holland executed a promissory note to Drew Mortgage Associates, Inc. (the "Note") (Carr. Ex. A). The Note was secured by a mortgage of the same date to Mortgage Electronic Registration Systems ("MERS") as nominee for Drew Mortgage Associates, Inc., its successors and assigns, on Ms. Holland's home in Marlborough, Massachusetts (the "Mortgage") (Carr. Ex. B). The Mortgage was recorded with the Middlesex County (South) Registry of Deeds at Book 54034, page 564 on December 22, 2009. (Carr. Ex. B).

### The 2010 Assignment to MetLife

On July 27, 2010, MERS assigned the Mortgage to MetLife (the "2010 Assignment") (Compl. ¶ 4; Carr. Ex. C). The 2010 Assignment was recorded with the Middlesex County (South) Registry of Deeds at Book 55116, page 341 on August 5, 2010. (Compl. ¶ 7; Carr. Ex. C). Prior to that time, on May 7, 2010, Ms. Holland had received a letter from MetLife notifying her that MetLife had purchased her mortgage on May 3, 2010 from Government National Mortgage Association. (Compl. ¶ 5).

### The Challenged 2015 Assignment to Carrington

According to her Complaint, on November 2, 2012, "MetLife announced an agreement to sell MetLife Bank, N.A.'s $70 billion mortgage servicing portfolio to J.P. Morgan Chase Bank, N.A." (Compl. ¶ 8). On May 1, 2013, Ms. Holland received a letter from JPMorgan notifying her that her mortgage had "been sold or otherwise transferred or assigned" to it, and that SPS was the new servicer. (Compl. ¶¶ 9-10). This assignment was never recorded, and forms the basis of Ms. Holland's Complaint. According to Ms. Holland, SPS, MetLife, and over 100 other companies use the same address in Salt Lake City, Utah. (Compl. ¶¶ 12-15).

On or about August 11, 2015, Carrington notified Ms. Holland that the servicing rights for her mortgage were being transferred from SPS to Carrington, effective August 1, 2015. (Compl. ¶ 20; Carr. Ex. D).[4] On October 29, 2015, MetLife assigned Ms. Holland's Mortgage to Carrington (the "2015 Assignment"). (Compl. ¶ 16; Carr. Ex. E). The 2015 Assignment correctly identifies the original mortgagor (Gwendolyn G. Holland), the original mortgagee (MERS as nominee for Drew Mortgage Associates, Inc., its successors and assigns), the date of the original mortgage (December 17, 2009) and the recording information for the original mortgage (Book No. 54034, at Page No. 564). (Carr. Ex. E). The 2015 Assignment was executed before a Notary Public, and indicates that it was signed by Michelle Sandoval, Document Control Officer, on behalf of MetLife by SPS as its attorney in fact pursuant to its power of attorney being recorded therewith. (Id.). The 2015 Assignment was recorded on November 20, 2015 with the Middlesex County (South) Registry of Deeds at Book 66409, page 383. (Id.). The limited power of attorney granted by MetLife to SPS, dated June 3, 2013, was recorded at Book 66409, page 359. (SPS Ex. E; Compl. ¶ 11). The power of attorney was also executed before a Notary Public, and was signed by Angela Cavener, Limited Vice President of MetLife Bank, NA, a/k/a MetLife Home Loans, a Division of MetLife Bank, N.A. (SPS Ex. E).

## The Complaint

The crux of Ms. Holland's Complaint is that since "MetLife had already sold its mortgage portfolio to J.P. Morgan on or about 2 November 2012, and had exited the mortgage business[,]" "MetLife could not have assigned to Carrington what it didn't have on 29 October

---

[4] Since Ms. Holland's mortgage payments are current, she apparently made the payments to SPS and then to Carrington, as directed.

2015." (Compl. ¶¶ 17, 19). In her Complaint (Docket No. 5-1) Ms. Holland purports to state a claim for fraudulent misrepresentation. Specifically, she has alleged that "[i]n the case at hand, the Defendants did in fact make false representations of material fact designed to induce the Plaintiff to make mortgage payments to an entity not entitled to receive them." (Docket 5-1 at page 5 of 6). In her Amendment to Complaint (Docket No. 5-6), Ms. Holland purports to state a claim for violation of Mass. Gen. Laws ch. 93A. She has alleged as follows:

> 6. The actions of Defendant SPS were unfair and deceptive because SPS as Attorney-in-fact for MetLife orchestrated an Assignment of mortgage to Carrington that was factually impossible because MetLife had earlier assigned the subject mortgage to a different mortgagee.
>
> 7. The actions of Defendant Carrington were unfair and deceptive because through the exercise of due diligence, Carrington either would have known or should have known that the Assignment was a factual impossibility.

(Docket No. 5-6 at page 4 of 4).

Additional facts will be provided below as appropriate.

### III. ANALYSIS

#### A. Sufficiency of Allegations of Fraud and 93A Claims

"Under Massachusetts law, fraud requires that the defendant made a knowingly false statement concerning a material matter that was intended to, and did in fact, induce the plaintiff's reliance and, through that reliance, created an injury." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 357 (1st Cir. 2013). Pursuant to Fed. R. Civ. P. 9(b), in alleging fraud "a party must state with particularity the circumstances constituting fraud or mistake." This includes "specifics about the time, place, and content of the alleged false representations." Juarez v. Select Portfolio Serv., Inc., 708 F.3d 269, 279-80 (1st Cir. 2013) (quotations and citations omitted). Conclusory allegations and references to "plans and schemes" are not sufficient.

[5]

Hayduk v. Lanna, 755 F.2d 441, 444 (1st Cir. 1985).  Moreover, "courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading."  N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) (quotations and citations omitted).

In the instant case, the Complaint fails to meet any of these requirements and must be dismissed.  Ms. Holland contends only that it was impossible for the 2015 Assignment to be viable because of the prior assignment to JPMorgan, and therefore the defendants are liable for fraud.  She does not allege any facts from which the court can conclude that SPS or Carrington made knowingly false statements.  Nor does she identify what statements she relied on, how she relied on them, or that she suffered any injury. There is no assertion that she even saw the 2015 Assignment before this litigation, and there is no assertion that she has been injured, especially since her mortgage payments have been appropriately credited to her mortgage debt.  The conclusory allegation that the "Defendants did in fact make false representations of material fact designed to induce the Plaintiff to make mortgage payments to an entity not entitled to receive them" is insufficient to state a claim for fraud.  (See Docket 5-1 at page 5 of 6).  See Clark v. Mortg. Elec. Reg. Sys., Inc., 7 F. Supp. 3d 169, 181-82 (D.R.I. 2014) (general averments that a "mortgage is void due to fraud" and there were "deceptive practices regarding the false filing of documents" are insufficient to satisfy the pleading requirements for fraud).

For the same reasons, Ms. Holland's claim that the defendants engaged in unfair and deceptive practices must be dismissed. While a claim of misrepresentation may, in certain circumstances, support a finding of a violation of Mass. Gen. Laws ch. 93A, here the plaintiff has failed to properly assert a misrepresentation claim. Compare Nota Const. Corp. v. Keyes Assoc., Inc., 45 Mass. App. Ct. 15, 21, 694 N.E.2d 401, 406 (1998). "A claim under Chapter 93A that involves fraud is subject to the heightened pleading requirement" under Fed. R. Civ. P. 9(b). Martin v. Mead Johnson Nutrition Co., No. 09-11609-NMG, 2010 WL 3928707, *3 (D. Mass. Sept. 30, 2010) (citation omitted). For the reasons detailed above, the plaintiff has failed to meet that standard. Moreover, she has not alleged facts which rise to level of a 93A violation. See Woods, 733 F.3d at 358 (to survive a motion to dismiss, a 93A claim must allege something with an "extortionate quality of unfairness and deceptiveness" beyond a good faith dispute or breach of contract (internal quotations and citation omitted)). Therefore, Ms. Holland's 93A claim must be dismissed.

B.     **The 2015 Assignment is Valid**

The crux of Ms. Holland's Complaint is that Carrington did not acquire proper title in 2015 in accordance with the assignment of her mortgage to Carrington from Met Life. For the reasons detailed herein, she has failed to state a claim under Fed. R. Civ. P. 12(b)(6), as a result of which her Complaint will be dismissed with prejudice.

1.     **Standard of Review**

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. When confronted with such a motion, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. See Cooperman v. Individual Inc., 171 F.3d 43, 46

(1st Cir. 1999). The court may also consider "implications from documents attached to or fairly incorporated into the complaint . . . facts susceptible to judicial notice . . . [and] concessions in plaintiff's response to the motion to dismiss." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (internal quotations and citations omitted).

As the First Circuit has explained, in considering the merits of a motion to dismiss, the court proceeds in two steps. First, we "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. at 55. Second, we "take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Id. Dismissal is only appropriate if the complaint, so viewed, fails to allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)). "Plausible . . . means something more than merely possible[.]" Schatz, 669 F.3d at 55. "The bottom line is that the combined allegations, taken as true, must state a plausible, not merely conceivable, case for relief." Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 718 (1st Cir. 2014) (internal citations and quotations omitted). "Engaging in this plausibility inquiry is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Germanowski v. Harris, 854 F.3d 68, 72 (1st Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)).

Applying these principals to the instant case mandates that the Complaint be dismissed.

2. **Standing**

Under Massachusetts law, "a mortgagor has standing to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee)." Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013). That is because a "challenge of this sort," if successful, would refute an assignee's status as a mortgagee. Id. On the other hand, "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Id. See also Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 205-06 & n.7, 7 N.E.3d 1113, 1116 & n.7 (2014). In the instant case, SPS contends that Ms. Holland's claims are only that the 2015 Assignment was voidable and, therefore, that she lacks standing to challenge the Assignment. This court disagrees, and concludes that Ms. Holland has standing to assert her claims.

SPS contends that Ms. Holland can only be claiming that the 2015 Assignment is voidable since MetLife undeniably held title to the mortgage in connection with the 2010 Assignment, and the 2015 Assignment was binding on MetLife since it was signed by a designated officer before a notary public, and met the requirements of Mass. Gen. Laws ch. 183, § 54B.[5] (SPS Mem. (Docket No. 5) at 7). Therefore according to SPS, Ms. Holland cannot be asserting that MetLife "never possessed legal title," so that its purported assignment to Carrington was void. However, the fact that MetLife at one point had undeniably valid title does

---

[5] Mass. Gen. Laws ch. 183, § 54B provides that if an assignment is executed before a notary public by a designated officer or other authorized signatory of the entity holding the mortgage, the assignment "shall be binding upon such entity and shall be entitled to be recorded...."

not end the inquiry. Ms. Holland is claiming that MetLife divested itself of its ownership interest before the 2015 Assignment, and, therefore, had nothing to assign in 2015. Thus, she is challenging Carrington's status as mortgagee, and arguing that "no valid transferable interest ever exchanged hands." Woods, 733 F.3d at 354. This is a claim that an assignment is void — the type of argument a mortgagor has standing to assert. Id.; see also Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 10 (1st Cir. 2014) (mortgagors have standing to challenge "the foreclosing entity's status as mortgagee of their property.").

### 3. The 2015 Assignment From MetLife To Carrington Was Valid

While Ms. Holland has standing to assert her claim that the 2015 Assignment was not valid, her claim fails on the merits. To establish a claim of ownership of a mortgage, an entity may rely on "a chain of recorded assignments[.]" Woods, 733 F.3d at 356. "[T]he key consideration is whether the assignor of the mortgage [MetLife] held the record legal interest in the mortgage at the time of the assignment; it is immaterial that another entity [e.g. JPMorgan] might hold an unrecorded equitable or beneficial interest in the mortgage." Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 504 n.13, 11 N.E.3d 633, 639 n.13 (2014) (rejecting argument that "MERS – by the date of the assignment – already had assigned the mortgage to someone else (and therefore had nothing to transfer to the bank)."). In the instant case, the assignments of record go from MERS to MetLife to Carrington. That is sufficient to defeat the plaintiff's claim that the 2015 Assignment is void.

Moreover, the 2015 Assignment satisfies the requirements of Mass. Gen. Laws ch. 183, § 54B, and is therefore binding on the assignor. See note 5, supra. "An assignment binding on

the assignor is not, by definition, void." Wilson, 744 F.3d at 13.  For all these reasons the plaintiff has failed to state a claim that Carrington is not the record owner of her mortgage.

Finally, this court notes that Ms. Holland has not separately challenged SPS's role as servicer of the loan, or the naming of Carrington as the subsequent servicer of the loan.  She was apparently notified of the changes in servicers. There is no requirement that servicing agreements be recorded.  Thus, there is no basis for Ms. Holland's contention that she was somehow obligated to make payments to the wrong entity.

### IV. **CONCLUSION**

For all the reasons detailed herein, the motions of Select Portfolio Servicing, Inc. and Carrington Mortgage Services, LLC to dismiss (Docket Nos. 4 and 15, respectively) are ALLOWED.  The Complaint, as amended, is dismissed with prejudice.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge